Outlook

## Re: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

| | |
|---|---|
| **From** | Weining Bai <wbai@AZALAW.COM> |
| **Date** | Fri 5/1/2026 10:18 AM |
| **To** | Hyde, Hayes <HHyde@goodwinlaw.com>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess Woodbolt AZA <DrinkRecess Woodbolt AZA@azalaw.com> |
| **Cc** | Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com> |

Hayes,

We cannot agree to your proposed changes below which, in our view, expands far beyond what Nutrabolt has put on injunction proof for, and improperly flips the burden.

We will proceed with filing our respective submissions to the Court today.

Best,

**Weining Bai**
*Attorney*
AZA Law
713 600 4981

---

**From:** Hyde, Hayes <HHyde@goodwinlaw.com>
**Sent:** Thursday, April 30, 2026 3:45 PM
**To:** Weining Bai <wbai@AZALAW.COM>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <DrinkRecess-Woodbolt_AZA@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

Weining,

Please see answers inline in red below

**Hayes P. Hyde**
Partner

 GOODWIN

Goodwin Procter LLP
525 Market Street

Exhibit

3

San Francisco, CA 94105

o  +1 415 733 6044

m +1 650 465 4420

f   +1 415 390 7975

HHyde@goodwinlaw.com

My LinkedIn



---

**From:** Weining Bai <wbai@AZALAW.COM>

**Sent:** Thursday, April 30, 2026 7:46 AM

**To:** Hyde, Hayes <HHyde@goodwinlaw.com>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <DrinkRecess-Woodbolt_AZA@azalaw.com>

**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>

**Subject:** Re: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

***EXTERNAL***

Hi Hayes,

We are following up on our discussion yesterday, including regarding next steps on open topics.

## Employment Restrictions and Non-Solicitation

As discussed, the parties cannot reach agreement on restrictions related to the employment of any of the individual defendants, and there is no basis for an injunction on the non-solicit obligations as Nutrabolt has not made any showing that such relief is warranted. The Parties will submit their respective positions to the court on these issues. <span style="color:red">Agreed that we have reached an impasse- Nutrabolt stands by its position that the restrictions on non-solicitation and non-competition are narrowly tailored to protect Nutrabolt's interests and to ensure the Individual Defendants abide by their contractual obligations. Please add your proposed language into the Defendants' column in the previously-provided chart.</span>

## Document Preservation

As discussed, we believe this provision is duplicative of existing obligations, but we understand that Nutrabolt wants to be clear that any potential remediation efforts do not alter general preservation obligations. While that appears self-evident, the Individual Defendants are agreeable to including the following language: "No provision herein obviates any obligations to preserve evidence, as consistent with the Federal Rules of Civil Procedure and all applicable law."

<span style="color:red">**Plaintiffs' proposed additional language**: As such, Defendants, directly or indirectly (i.e., anyone acting at their direction), are enjoined from, directly or indirectly, destroying, deleting, changing, altering, or</span>

otherwise disposing of any of Plaintiffs' Confidential Information or Trade Secrets in their possession. Notwithstanding the foregoing, Defendants shall not be liable for any changes that may occur in the ordinary course of good-faith forensic preservation, imaging, or collection undertaken to preserve evidence, provided that the underlying data and content are not altered or deleted.

## Non-Disclosure & Non-Use

The Individual Defendants will stipulate to not disclosing, and not using, any of Nutrabolt's allegedly confidential or trade secret materials, as long as the scope of what is being agreed to is clearly defined. That was the intent of our proposed language:

Plaintiffs' proposals inline below:

The Defendants agree and stipulate they will not use or disclose any allegedly confidential or proprietary data, information, ideas, concepts, discoveries, trade secrets, inventions (whether or not patentable or reduced to practice), innovations, improvements, know-how, developments, techniques, methods, processes, specifications, designs, patterns, models, plans and strategies, and all other confidential or proprietary information or trade secrets in any form or medium (whether merely remembered or embodied in a tangible or intangible form or medium) belonging to Nutrabolt, including, without limitation, any such information relating to or concerning finances, sales, marketing, advertising, transition, promotions, pricing, personnel, customers, suppliers, vendors, raw partners and/or competitors, including the documents identified as allegedly containing confidential and trade secret information in the Declarations of Gwen Greene (Dkt. 22-1) and Jason Cantelli (Dkt. 22-3) as Exhibits 12-26, (collectively, "Nutrabolt Confidential Information"). Nutrabolt Confidential Information shall not include any documents, data, or information that Defendants can establish, by clear and convincing documentary evidence, that (i) is, or has become, publicly known through no act or omission of the Defendants or any person acting on their behalf; (ii) is lawfully acquired by, or known to, the Defendants from a third party who was not under any duty of confidentiality to Nutrabolt and who did not acquire such information, directly or indirectly, from Nutrabolt; or (iii) was previously expressly and intentionally produced, disclosed, and/or provided by Nutrabolt without an obligation of confidentiality and not by inadvertence or mistake.

As you will see, the specific documents identified are illustrative, not exhaustive. We picked them because they are the only specific examples of allegedly confidential or trade secret information we have from your submissions to the court. (As we have made clear on our calls and submissions, the Defendants of course do not concede that any documents identified by Nutrabolt do in fact contain confidential or trade secret materials.)

## Remediation

Our position remains that Nutrabolt needs to make the first move here in terms of providing specifics about any additional remedial steps Nutrabolt thinks needs to be taken. We have put our process and outcome out there.  We identified the target

documents to search for, and the devices and online accounts for remediation purposes, based on your Complaint and motion for injunctive relief. As to your request for declarations, I would just reiterate that all Individual Defendants have already signed sworn declarations about the remedial process they submitted to and the remedial outcome. *See* Dkt. 55-2 ¶¶ 32-34 (Thomas Decl.); 55-3 ¶¶ 15-16 (Moore Decl.); 55-4 ¶¶ 17-19 (Mathews Decl.). An outside forensic vendor has also attested to the same. *See* Dkt. 55-5 and 56-1 at 84-106. HKA has attested that "HKA was able to isolate and remove all Target Documents from the Custodians' iPhones, laptops, and iCloud accounts, as well as Recess's entire Google Workspace." Dkt. 55-5 ¶ 37.

During our meet and confer yesterday, you suggested that there could be some other hypothetical devices that may contain other documents Nutrabolt finds confidential. But there is no evidence that any such hypothetical device exists, and, again, the Individual Defendants have already attested that, to the best of their knowledge, they no longer have access to these documents. *See* above.

You also suggested without evidence that there could be "derivatives" of the documents we targeted in our remedial efforts that were missed. While we don't want to be dismissive of your concerns, just speculating about possible inadequacies in the abstract is just too vague a starting point for us to determine what more (if anything) should be done. So again, we invite Nutrabolt to make a more concrete proposal to capture any "derivatives", including (if you believe appropriate), namely search terms that you think will capture this possible universe of "derivative" documents you hypothesized about. Because we do not know which part of these documents Nutrabolt considers competitively sensitive, it would be impossible for us to come up with those terms. It would be unreasonable for Nutrabolt to expect defendants to guess what else to do that may be satisfactory to Nutrabolt when we believe we have already done enough.

To that end, please provide Nutrabolt's position as to any additional search parameters that defendants could consider no later than 2 PM ET today for defendants' consideration.

It appears that the parties have reached an impasse with respect to the proposed stipulation on remediation. The level of specificity Defendants seek exceeds what a court would require in connection with preliminary injunctive relief. Rather, courts generally require a party to take appropriate steps to quarantine the materials at issue and to provide confirmation of compliance. That is precisely what our proposed language provides.

Please drop your proposed language into the Defendants' column in the previously-provided chart.

Best,

**Weining Bai**

*Attorney*
AZA Law
713 600 4981

---

**From:** Weining Bai <wbai@AZALAW.COM>
**Sent:** Tuesday, April 28, 2026 3:34 PM
**To:** Hyde, Hayes <HHyde@goodwinlaw.com>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <DrinkRecess-Woodbolt_AZA@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** Re: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

Nutrabolt counsel,

Please see our proposed stipulation attached.

As to the Paragraph c, we've left that open for further discussion tomorrow to see if Nutrabolt has suggestions for any concrete, additional steps for the identification, remediation, and preservation of any Nutrabolt Confidential Information that you have a good faith reason to believe remain in the possession of or readily accessible to the Individual Defendants.

From our perspective, we've put our remediation process and outcome out there so far. As mentioned on our call Monday, for any additional remediation, we would need Nutrabolt to identify or describe with reasonable particularity any additional documents and data you contend require remediation, and alternatively, tell us some specific, additional remedial steps that should be undertaken beyond what has been described in the April 8, 2026 Declaration of Mr. Michael Bandemer of HKA Global (Dkt. 55-5).

We look forward to discussing tomorrow.

Best,

**Weining Bai**
*Attorney*
AZA Law
713 600 4981

---

**From:** Hyde, Hayes <HHyde@goodwinlaw.com>
**Sent:** Monday, April 27, 2026 12:41 PM
**To:** Weining Bai <wbai@AZALAW.COM>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>

**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

One minor tweak in red below. Counsel for Recess, please also confirm you will not make arguments as to delay regarding timing for conferral.

**Hayes P. Hyde**

Partner



Goodwin Procter LLP

525 Market Street

San Francisco, CA 94105

o +1 415 733 6044

m +1 650 465 4420

f  +1 415 390 7975

HHyde@goodwinlaw.com

My LinkedIn

   

**From:** Weining Bai <wbai@AZALAW.COM>
**Sent:** Monday, April 27, 2026 10:04 AM
**To:** Hyde, Hayes <HHyde@goodwinlaw.com>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** Re: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

***EXTERNAL***

Hayes, Ryan and Ari,

Summarizing below, let us know if this draft communication to the Court covers it:

Your Honor,

We write to provide an update on the Parties' efforts to confer regarding any potential agreements on the relief sought in Nutrabolt's Motion for Temporary Restraining Order and Preliminary Injunction. The Parties have conferred on several occasions via email and video-conference. Based on those discussions, the Parties believe in good faith that an additional, brief extension of <span style="color:red">all deadlines set forth in the Court's April 15, 2026 Minute Order and the Court's April 25, 2026 Minute Order</span> to Friday, May 1, 2026 would result in at least partial agreement . Accordingly, the Parties respectfully request that the Court extend the deadline to attempt to reach an agreed-upon resolution, and file their submission(s) on remaining areas of non-agreement, to Friday, May 1, 2026.

Thank you for your consideration of this request.

***

On behalf of the Individual Defendants, we will not make any arguments about the timing it has taken to confer, either this extension or anytime since the April 15 hearing, as part of any delay or lack of imminence arguments.

**Weining Bai**

*Attorney*

AZA Law

713 600 4981

---

**From:** Hyde, Hayes <HHyde@goodwinlaw.com>
**Sent:** Friday, April 24, 2026 1:53 PM
**To:** Weining Bai <wbai@AZALAW.COM>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

All,

Per our call this morning, please see attached proposal. We look forward to your response.

Have a good weekend,

**Hayes P. Hyde**

Partner

Goodwin Procter LLP

525 Market Street

San Francisco, CA 94105

o  +1 415 733 6044

m +1 650 465 4420

f   +1 415 390 7975

HHyde@goodwinlaw.com

My LinkedIn

---

**From:** Weining Bai <wbai@AZALAW.COM>
**Sent:** Thursday, April 23, 2026 10:13 AM
**To:** Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Hyde, Hayes <HHyde@goodwinlaw.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** Re: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

***EXTERNAL***

We can talk at 10-11:30 AM CT. Have a conflict in that first half-hour.

Thanks,

**Weining Bai**

*Attorney*

AZA Law

713 600 4981

---

**From:** Kurtz, Ryan (x2405) <rkurtz@pbwt.com>
**Sent:** Thursday, April 23, 2026 11:10 AM
**To:** Hyde, Hayes <HHyde@goodwinlaw.com>; Weining Bai <wbai@AZALAW.COM>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com <SMCGRAW@shb.com>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

Returning to scheduling, counsel for Recess is available during the window you proposed, below (tomorrow).

**Ryan J. Kurtz**

He | Him | His

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2405

Fax: 212.336.2965

rkurtz@pbwt.com
www.pbwt.com

---

**From:** Hyde, Hayes <HHyde@goodwinlaw.com>
**Sent:** Wednesday, April 22, 2026 4:53 PM
**To:** Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; Weining Bai <wbai@AZALAW.COM>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

**External: Think before you click.**

Ryan,

We are amenable to a joint request for an extension from the Court until close of business, Monday, April 27, 2026. Please send over proposed language so we may review.

In the interim, we are available for a call to discuss the scope of a possible agreement on Friday, April 24, 2026, between 7:30 am PT and 9:30 am PT. Please let us know what works for you and we can circulate a Zoom invite.

**Hayes P. Hyde**

Partner

Goodwin Procter LLP

525 Market Street

San Francisco, CA 94105

o  +1 415 733 6044

m +1 650 465 4420

f   +1 415 390 7975

HHyde@goodwinlaw.com

My LinkedIn

---

**From:** Kurtz, Ryan (x2405) <rkurtz@pbwt.com>
**Sent:** Wednesday, April 22, 2026 12:40 PM
**To:** Weining Bai <wbai@AZALAW.COM>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Joe Ahmad <joeahmad@AZALAW.COM>; SMCGRAW@shb.com; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; Hyde, Hayes <HHyde@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Cc:** Simeone, Julie (x2086) <jsimeone@pbwt.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

***EXTERNAL***

Good afternoon,

We write pursuant to the Court's order directing the parties to confer about a possible agreement concerning Nutrabolt's confidential information.  We're available to discuss today from 5:30 PM to 6:30

PM ET (4:30 PM to 5:30 PM CT), and we're also willing to request a joint extension from the Court.

Thanks,

Ryan

**Ryan J. Kurtz**

He | Him | His

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2405

Fax: 212.336.2965

rkurtz@pbwt.com
www.pbwt.com

---

**From:** Simeone, Julie (x2086) <jsimeone@pbwt.com>
**Sent:** Friday, April 3, 2026 9:56 PM
**To:** Weining Bai <wbai@AZALAW.COM>; Stupi, Megan Lee <mstupi@goodwinlaw.com>; Sherman, Rachel (x2147) <rsherman@pbwt.com>
**Cc:** Mary Nix <mnix@lynnllp.com>; Sara Chelette <schelette@lynnllp.com>; Dan Polese <dpolese@lynnllp.com>; Kurtz, Ryan (x2405) <rkurtz@pbwt.com>; SMCGRAW@shb.com; Joe Ahmad <joeahmad@AZALAW.COM>; DG-NutraboltLitTX <DG-NutraboltLitTX@goodwinlaw.com>; Bulut, Koray J. <KBulut@goodwinlaw.com>; Hyde, Hayes <HHyde@goodwinlaw.com>; DrinkRecess-Woodbolt_AZA <drinkrecess-woodbold_aza@azalaw.com>
**Subject:** RE: Woodbolt Holdings LLC et al v. Thomas et al, Case 4:26-cv-01669

Megan:

Recess consents to the filing of this version (i.e., the one circulated by Weining below at 8:22pm).  Thank you.

Julie