**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WOODBOLT HOLDINGS, LLC, a Delaware Limited Liability Company, and WOODBOLT DISTRIBUTION, LLC d/b/a NUTRABOLT, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KYLE THOMAS, individually, TERRENCE MOORE, JR., individually, MADISON MATHEWS, individually, and DRINK RECESS, INC., a Delaware Corporation,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Cause No. 4:26-cv-01669 |

---

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

Pending before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") filed by Plaintiffs Woodbolt Holdings, LLC and Woodbolt Distribution, LLC d/b/a Nutrabolt (hereafter "Nutrabolt"). The Court has considered all pleadings, exhibits thereto, and arguments of counsel that are applicable to the Motion as presented by all Parties.

The Individual Defendants Kyle Thomas, Terrence Moore, Jr., and Madison Mathews have also proffered the following stipulations in their post-hearing submission:

1. **Non-Disclosure & Non-Use:** The Individual Defendants have agreed and stipulated they will not use or disclose any confidential or proprietary documents, records, or electronic data belonging to Nutrabolt, including the documents identified as allegedly containing

16321830v.1

confidential and trade secret information in the Declarations of Gwen Greene (Dkt. 22-1) and Jason Cantelli (Dkt. 22-3) as Exhibits 12-26 (collectively, "Nutrabolt Confidential Information"). Nutrabolt Confidential Information shall not include any documents, data, or information that (i) is, or has become, publicly known through no fault of the Individual Defendants; (ii) is lawfully acquired by, or known to, the Individual Defendants independent of Nutrabolt; or (iii) was previously produced, disclosed, and/or provided by Nutrabolt without an obligation of confidentiality and not by inadvertence or mistake;

2. **Kyle Thomas Employment:** Individual Defendant Kyle Thomas has agreed and stipulated that, in providing services (as an employee, contractor, advisor, or in any other capacity) to Recess, he shall not access, disclose, or use any Nutrabolt Confidential Information;

3. **Remedial Measures:** Upon identification by Nutrabolt of additional specific documents or data containing Nutrabolt Confidential Information that Nutrabolt reasonably believes may remain in any Individual Defendant's possession, the Individual Defendants have stipulated that they will confer with Nutrabolt in good faith to attempt to develop a protocol for further remediation efforts; and

4. **Preservation of Evidence:** No provision herein obviates any obligations to preserve evidence, as consistent with the Federal Rules of Civil Procedure and all applicable law.

Based on the foregoing record, and on the above stipulations by the Individual Defendants, the Court finds that there is no basis to order any injunctive relief sought by Nutrabolt, and therefore DENIES the Motion.

SO ORDERED,

_____

Honorable Keith P. Ellison
United States District Judge